# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | |
| | |
| KENNETH H. SEATON and | |
| SUE SEATON, | |
| | Bankruptcy No. 05-39972-MBM |
| Debtors. | |
| Natalie Lutz Cardiello, Trustee, | Chapter 7 |
| Movant, | |
| v. | Related to Doc. No. 28 |
| Kenneth H. Seaton and Sue Seaton, | |
| Respondents. | |

Appearances:   Natalie Lutz Cardiello, for the Trustee.
Cynthia Sychak-Berry, for Kenneth and Sue Seaton.

## MEMORANDUM OPINION

**AND NOW,** this **2nd day** of **August, 2006**, upon consideration of

(a) the objection by Natalie Lutz Cardiello, the Chapter 7 Trustee in the above-captioned bankruptcy case (hereafter "the Trustee"), to the amended exemptions by Kenneth and Sue Seaton, the instant debtors, and, in particular, to the exemption and/or exclusion by Kenneth Seaton (hereafter "the Debtor") of his interest in the Armstrong Cement Union Employees 401(k) Savings Plan (hereafter "the 401(k) Plan" and "the 401(k) Plan Interest"), which interest was valued at $60,400 as of the commencement of the instant bankruptcy case, and

(b) the Debtor's response to such exemption objection, as well as the parties' briefs in support of their respective positions;

and subsequent to notice and a hearing on the matter held on April 18,

2006, but during which neither party had an opportunity to introduce testimony into evidence,

it is **hereby determined that the Court shall now issue an order to the effect that**

(a)  the 401(k) Plan Interest **may not be, indeed is not, excluded** from the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 541(c)(2),

(b)  the 401(k) Plan Interest **may be exempted** by the Debtor pursuant to 11 U.S.C. § 522(d)(10)(E) **provided, and to the extent, that** such interest is reasonably necessary for the support of the Debtor and/or his dependents, and

(c)  the Trustee's objection to the Debtor's exemption of the 401(k) Interest is **continued until August 31, 2006, at 2:30 p.m.**, at which time an evidentiary hearing will be held to determine whether, and to what extent, such interest is so reasonably necessary.

The rationale for the Court's decision is set forth below.

### I.

As an initial matter, the Court rejects the Debtor's position that the 401(k) Plan Interest is excluded from the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 541(c)(2).

11 U.S.C. § 541(c)(2) provides that "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title."  11 U.S.C.A.

2

§ 541(c)(2) (West 2004). "The Third Circuit has construed § 541(c)(2) such that a debtor's ... [interest in a retirement plan] 'is completely excluded from ... [said debtor's] bankruptcy estate' 'if ... [such plan interest] meets all of the requirements of § 541(c)(2).'" In re Fulton, 240 B.R. 854, 860 (Bankr.W.D.Pa. 1999) (quoting In re Yuhas, 104 F.3d 612, 614 (3rd Cir. 1997)).  Among the exclusion requirements of § 541(c)(2) is that the funds of a retirement plan be contained within a "trust" within the meaning of § 541(c)(2).  See Id. (listing the five exclusion requirements of § 541(c)(2) as set forth in Yuhas).

As this Court has previously held:

> The term "trust" is not defined in either § 541(c)(2) or elsewhere in the Bankruptcy Code.  Therefore, "[w]hether a trust has been established [for purposes of § 541(c)(2)] is generally a question to be resolved under the law of the state that is the situs of the [purported] trust fund."  In Pennsylvania, it is black letter law that a trust is not created unless (a) "there be a trustee, some property held in trust, and a beneficiary for whom the property is held," (b) the trustee owns the legal title to, but not the beneficial interest in, the trust property (ie., the trust *res*), and (c) "the settlor manifests an intention to create it[, which] ... manifestation may be by conduct as well as by words."

Fulton, 240 B.R. at 862-63 (citations omitted).

Are the funds of the 401(k) Plan held in a trust within the meaning of

§ 541(c)(2)?[1] The Court must answer such question in the negative (a) since, as plan documents that pertain to the 401(k) Plan make clear, no trustee(s) exist with respect to the 401(k) Plan, *see* Trustee Br., App. 1 (Plan Document, at Trustee Information – "The [401(k)] Plan is not required to be trusteed since assets are held in a group annuity contract."), (b) because, as explained above, a trust cannot exist without a trustee, and (c) because, although a level of separation exists between such funds and the Debtor's employer (i.e., the 401(k) Plan sponsor), such separation is thus achieved not by way of a trust but rather solely by way of a group insurance annuity contract (the proceeds of which contract, as the Debtor points out, may only inure to the benefit of 401(k) Plan beneficiaries). The preceding analysis by the Court is not affected by the fact that, as the Debtor points out, the Debtor's employer is a fiduciary, indeed is the administrator, of the 401(k) Plan; the Court so holds because, even though a plan trustee is a fiduciary of such plan, a plan fiduciary need not necessarily be a trustee of such plan. The Court's analysis is also unaffected by 26 U.S.C. § 401(f), which statutory provision (a) generally operates, *for purposes of the Internal Revenue Code only*, to treat (i) a particular type of insurance annuity contract as a qualified trust (as defined under 26 U.S.C. § 401(a)), *see* 26 U.S.C. § 401(f) (West 2005), and (ii) the person or entity that holds such insurance annuity contract as a trustee of such qualified trust, *see* Id., and (b) thus

---

[1] The Debtor, because he has the burden of demonstrating that property is excluded via § 541(c)(2), *see* Fulton, 240 B.R. at 862 n.4, bears the burden of proving that the funds of the 401(k) Plan are held in such a trust.

4

apparently operates, *for, as just mentioned, federal income tax purposes only*, to treat (i) the group insurance annuity contract that the Debtor's employer purchased to fund the 401(k) Plan as an I.R.C. § 401(a) qualified trust, and (ii) the Debtor's employer as the trustee of such qualified trust. The Court so holds (a) because, as the language of I.R.C. § 401(f) makes clear, the treatment of an insurance annuity contract and the person/entity that holds the same as, respectively, a qualified trust and a trustee thereof is confined exclusively to the application of Title 26 of the United States Code, that is the Internal Revenue Code, *see* Id., and (b) because I.R.C. § 401(f) consequently cannot be construed such that it operates, by itself, to transform the group insurance annuity contract that the Debtor's employer purchased to fund the 401(k) Plan into a trust for purposes of 11 U.S.C. § 541(c)(2), *cf.* Fulton, 240 B.R. at 865-66 ("language of I.R.C. § 408[(h), which language is similar in nature to that in I.R.C. § 401(f),] cannot be construed such that it operates to transform non-trust IRA custodial accounts into trusts for purposes of § 541(c)(2) of the Bankruptcy Code").

Because, as explained above, the funds of the 401(k) Plan are not held in a trust within the meaning of § 541(c)(2), the 401(k) Plan Interest is not excluded from the Debtor's bankruptcy estate pursuant to § 541(c)(2).

**II.**

Since, as the Court rules above, the 401(k) Plan Interest is not excluded via § 541(c)(2), the Debtor's exemption of such interest pursuant to § 522(d)(10)(E) now becomes pivotal. 11 U.S.C. § 522(d)(10)(E) provides, in pertinent part, that a debtor may exempt his or her

> right to receive--
>
> ...
>
> a payment under a stock bonus, pension, profit-sharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

11 U.S.C.A. § 522(d)(10)(E) (West 2004).

The Trustee, in her exemption objection, raises two discrete grounds as to why the 401(k) Plan Interest may not be exempted under § 522(d)(10)(E), namely (a) that the Debtor is neither presently receiving nor currently entitled to receive a distribution from the 401(k) Plan, and (b) that none of the 401(k) Plan interest is reasonably necessary for the support of the Debtor and/or his dependents. The Debtor responds first by conceding that he is not presently receiving a distribution from the 401(k) Plan, but then arguing that he is currently entitled to receive a distribution from such plan. The Debtor contends that he is currently entitled to receive a distribution from the 401(k) Plan because, he argues in turn, he is currently eligible to obtain an early retirement distribution from such plan if he were to retire now from service with his employer; the Debtor concedes that he has not, as of the present time, separated from service with such employer (of course, he also was employed with such employer when he commenced the instant bankruptcy case). The Debtor also maintains that the entirety of the 401(k) Plan interest is reasonably necessary for the support of himself and/or his dependents.

With respect to the Trustee's first ground for objection, that is that the Debtor is neither presently receiving nor currently entitled to receive a distribution from the 401(k) Plan, the Trustee relies on the Third Circuit's decision in In re Clark, 711 F.2d 21 (3rd Cir. 1983), and certain of the cases that rely thereon.  As an initial matter, the Court reads Clark and persuasive cases that rely thereon to hold that "the pertinent inquiry [under § 522(d)(10)(E) regarding the potential for exemption] is not whether ... [a] debtor is presently receiving payments from a retirement plan or contract but ... whether the debtor is presently *entitled to receive* said payments" on account of, for instance, age or disability." In re Gralka, 204 B.R. 184, 189 (Bankr.W.D.Pa. 1997) (emphasis added) (citing Velis v. Kardanis, 949 F.2d 78, 82 (3rd Cir. 1991), *aff'g in part, rev'g in part*, 123 B.R. 497 (D.N.J. 1991)).  Applying Clark as just interpreted to the instant matter, the Court agrees with the Trustee that the Debtor is not presently entitled to receive a distribution from the 401(k) Plan given that, as the Debtor concedes, he presently has not separated from service with his employer, which separation from service is a prerequisite to distribution from the 401(k) Plan via its early retirement distribution provisions.  Unfortunately for the Trustee, that she prevails on the preceding point is futile given that, as the Court has now held on two prior occasions,

> the portion of Clark relevant to a resolution of the instant matter [(i.e., that a debtor must presently be receiving or be entitled to receive a distribution from a retirement plan in order to exempt the same under § 522(d)(10)(E))] has essentially been overruled by the

7

> U.S. Supreme Court's recent decision in <u>Rousey v. Jacoway</u>, 125 S.Ct. 1561, 161 L.Ed.2d 563 (U.S. 2005). The Court so holds because, "[a]lthough the Supreme Court did not specifically reject (or even consider) ... [the <u>Clark</u> court's] interpretation of § 522(d)(10)(E) in <u>Rousey v. Jacoway</u>, its opinion [in <u>Rousey</u>] leaves no room for th[e] interpretation [in <u>Clark</u>]." Supreme Court Holds that IRAs are Exemptible Under Code § 522(d)(10)(E), 25 No. 5 <u>Bankruptcy Law Letter</u> 1 (May 2005) (quotation found in last paragraph of text prior to final heading in the article); *see also* Arthur H. Boelter, 2 <u>Representing the Bankrupt Taxpayer</u> § 9:21 (2005), at n.29 ("the split in the circuits[, including that engendered by the Third Circuit's decision in <u>Clark</u>,] should be resolved following the U.S. Supreme Court acceptance of certiorari in the case of <u>Rousey v. Jacoway</u>). Therefore, it matters not when considering whether ... [an interest in a retirement plan] may be exempted under § 522(d)(10)(E) whether the Debtors are receiving, or are presently entitled to receive, payments therefrom.

<u>In re Booth</u>, 331 B.R. 233, 236 (Bankr.W.D.Pa. 2005) (footnote omitted); *see also* <u>In re Pamela A. Lee</u>, Bankr.No. 05-27255-MBM (related to Doc. No. 12) (Bankr.W.D.Pa. 2005) (dated Oct. 14, 2005), at 2-3 (quoting <u>Booth</u>), *aff'd mem.*, Dist.No. 2:05-cv-01670-DSC (Doc. 4) (W.D.Pa. 2006) (dated May 22, 2006) (Judge Cercone) (citing this Court's decision in <u>Booth</u> with approval, stating that this "Court's analysis [in <u>Lee</u>] sufficiently undermines the Trustee's dogmatic

reliance on Judge Gibbon's statement in In re Clark," and holding that to read § 522(d)(10)(E) consistent with Clark "would reduce the Supreme Court's opinion [in Rousey] to a mere hypothetical exercise"); In re Wiggins, 341 B.R. 506, 512-13 (M.D.Pa. 2006) (agreeing with this Court "that Rousey implicitly overruled Clark, and respectfully disagree[ing] with courts [whose decisions the instant Trustee cites] that have decided that Clark maintains its vitality").  In light of the foregoing, the Court rules that it is now irrelevant to the Debtor's exemption of the 401(k) Plan Interest under § 522(d)(10)(E) that the Debtor is neither presently receiving nor currently entitled to receive a distribution from the 401(k) Plan.

Therefore, the Debtor may exempt the 401(k) Plan Interest pursuant to § 522(d)(10)(E) provided, and to the extent, that such interest is reasonably necessary for the support of himself and/or his dependents.  The parties dispute whether, and to what extent, the 401(k) Plan Interest is reasonably necessary for the support of the Debtor and/or his dependents.  Furthermore, neither party has yet had an opportunity to introduce into evidence testimony regarding such issue.  Consequently, the Court will continue the Trustee's objection to the Debtor's exemption of the 401(k) Interest until August 31, 2006, at 2:30 p.m., at which time an evidentiary hearing will be held to determine whether, and to what extent, such interest is so reasonably necessary.  At such hearing the parties should be prepared to present evidence relevant to the 11 factors set forth by the Court in Gralka, see Gralka, 204 B.R. at 190, which factors are also listed by the Court in Booth, see Booth, 331 B.R. at 236-37.  The Trustee, because she is the party objecting to the Debtor's exemption, shall bear the burden of showing that the

Debtor is not entitled to such exemption. See In re Brown, 165 B.R. 512, 514 (Bankr.M.D.Fla. 1994); In re Frederick, 183 B.R. 968, 970 (Bankr.M.D.Fla. 1995).

**III.**

In light of all of the foregoing, the Court determines that it shall issue the order set forth at the beginning of the instant Memorandum Opinion.

**BY THE COURT**

/s/
**M. BRUCE McCULLOUGH,
U.S. Bankruptcy Judge**

**DATED:      August 2, 2006**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| | : |
| **KENNETH H. SEATON and** | : |
| **SUE SEATON,** | : |
| | : **Bankruptcy No. 05-39972-MBM** |
| Debtors. | : |
| | : |
| **Natalie Lutz Cardiello, Trustee,** | : **Chapter 7** |
| Movant, | : |
| | : |
| v. | : **Related to Doc. No. 28** |
| | : |
| **Kenneth H. Seaton and Sue Seaton,** | : |
| Respondents. | : |

## ORDER OF COURT

**AND NOW,** this **2nd day** of **August, 2006,** for the reasons set forth in the accompanying Memorandum Opinion of the same date, it is **hereby ORDERED, ADJUDGED, AND DECREED** that

(a) the interest in the Armstrong Cement Union Employees 401(k) Savings Plan (hereafter "the 401(k) Plan Interest") owned by Kenneth Seaton (hereafter "the Debtor") **may not be, indeed is not, excluded** from the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 541(c)(2),

(b) the 401(k) Plan Interest **may be exempted** by the Debtor pursuant to 11 U.S.C. § 522(d)(10)(E) **provided, and to the extent, that** such interest is reasonably necessary for the support of the Debtor and/or his dependents, and

(c) the Trustee's objection to the Debtor's exemption of the 401(k) Interest is **continued until August 31, 2006, at 2:30 p.m., in Courtroom B, 54th**

**Floor U.S. Steel Tower, 600 Grant Street, Pittsburgh, Pennsylvania**, at which time an evidentiary hearing will be held to determine whether, and to what extent, such interest is so reasonably necessary.

**BY THE COURT**

_/s/_
**M. BRUCE McCULLOUGH,
U.S. Bankruptcy Judge**

cm:   Natalie Lutz Cardiello, Esq.
107 Huron Drive
Carnegie, PA 15106

Kenneth H. Seaton
Sue Seaton
540 Carbon Center Road
Butler, PA 16002-9376

Cynthia Sychak-Berry, Esq.
209 Diamond Street West
Butler, PA 16001