IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| KENNETH H. SEATON and SUE SEATON, | : : : |
| Debtors. | : Bankruptcy No. 05-39972-MBM : |
| Natalie Lutz Cardiello, Trustee, Movant, | : Chapter 7 : |
| v. | : Related to Doc. No. 28 : |
| Kenneth H. Seaton and Sue Seaton, Respondents. | : : |

## MEMORANDUM

**AND NOW,** this **29th day** of **September, 2006,** upon consideration of

(a)     the objection by Natalie Lutz Cardiello, the Chapter 7 Trustee in the above-captioned bankruptcy case (hereafter "the Trustee"), to the exemption and/or exclusion by Kenneth Seaton (hereafter "the Debtor") of his interest in the Armstrong Cement Union Employees 401(k) Savings Plan (hereafter "the 401(k) Plan" and "the 401(k) Plan Interest"), which interest was valued at $60,400 as of the commencement of the instant bankruptcy case,[1] and

(b)     the Debtor's response to such exemption objection, as well as the parties'

---

[1] The Court shall henceforth refer to the balance in the 401(k) Plan Interest as equal to $60,400, which balance is that which existed as of the commencement of the instant bankruptcy case. According to a document introduced into evidence by the Debtor at the September 18, 2006 hearing, the balance in the 401(k) Plan Interest as of June 30, 2006 (and thus as of the time of such hearing) equalled $67,712.64.

briefs in support of their respective positions;

and subsequent to notice and an evidentiary hearing on the matter held on September 18, 2006;

and in light of the Court's prior decision in the instant matter dated August 2, 2006, wherein the Court ruled that (a) the 401(k) Plan Interest is not excluded from the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 541(c)(2), and (b) the 401(k) Plan Interest may be exempted by the Debtor pursuant to 11 U.S.C. § 522(d)(10)(E) provided, and to the extent, that such interest is reasonably necessary for the support of the Debtor and/or his dependents,

it is **hereby determined that the Court shall now issue an order to the effect that**

(a)  **$7,154.99** worth of the 401(k) Plan Interest **is *not* reasonably necessary** for the support of the Debtor and his wife (his lone dependent), which means that the Trustee's exemption objection is **sustained to such limited extent**, that is the Debtor **may not exempt $7,154.99** worth of the 401(k) Plan Interest under § 522(d)(10)(E), and

(b)  **$53,245.01** worth of the 401(k) Plan Interest (i.e., $60,400 – $7,154.99) **may be exempted** by the Debtor pursuant to 11 U.S.C. § 522(d)(10)(E). The Court rules as it does for several reasons.

First, the Trustee represented to the Court at the September 18, 2006 hearing that she only seeks to obtain $7,154.99 from the 401(k) Plan Interest because, according to her, that is the universe of unpaid unsecured claims that

2

are owed by the Debtor per the Debtor's Bankruptcy Schedule F. Therefore, the Court need only concern itself with determining whether $7,154.99 worth of the 401(k) Plan Interest is not reasonably necessary for the support of the Debtor and his wife.

Second, the Court finds that $7,154.99 worth of the 401(k) Plan Interest is not reasonably necessary for the support of the Debtor and his wife. The Court so finds because the Court finds, in turn, that, if $7,154.99 were to be withdrawn from the 401(k) Plan Interest, which withdrawal would necessarily result in an additional withdrawal therefrom of approximately $3,066.42 to cover resultant tax consequences to the Debtor,[2] the Debtor could replace such combined withdrawal (i.e., $10,221.41) over a period of just over three years by henceforth ceasing to incur the following monthly expenses, which expenditures the Court finds are not reasonably necessary for the support of the Debtor and his wife: (1) gifts – $100, (2) cigarettes – $160, and (3) cable television – $116.35.[3] The preceding finding follows because:

---

[2]The Court presumes the following tax consequences to the Debtor for a withdrawal of $7,154.99 from the 401(k) Plan Interest: (1) a 10% withdrawal tax penalty, and (2) income tax on such withdrawal, computed at an estimated blended rate of 20%. The preceding yields the following calculation:

(a) $7,154.99 = (1 – .10 – .20) x (total withdrawal);
(b) $7,154.99 = .7 x (total withdrawal);
(c) $7,154.99/.7 = total withdrawal;
(d) $10,221.41 = total withdrawal;
(e) $10,221.41 – $7,154.99 = $3,066.42 = tax consequences.

[3]These three expenses are included in an updated Bankruptcy Schedule J that was introduced by the Debtor at the September 18, 2006 hearing.

3

(a) the Debtor presently earns approximately $2,294.68 per month while his wife presently receives $358 per month in social security disability payments, which means that the Debtor's monthly household income presently equals $2,652.68, see Debtor's Bankr. Sch. I;

(b) the Debtor's monthly household expenses presently equal $2,757.40, which figure is unadjusted for the three unnecessary expenses set forth above, see Debtor's Bankr. Sch J (as amended and introduced at Sept. 18, 2006 hearing);

(c) such monthly household expenses, when adjusted downward to account for the discontinuation of such unnecessary expenses, equal $2,381.05 (i.e., $2,757.40 − $100 − $160 − $116.35);

(d) the Debtor thus presently has a surplus of monthly household income equal to $271.63 (i.e., $2,652.68 − $2,381.05); and

(e) $10,221.41, the amount of the combined withdrawal from the 401(k) Plan Interest, when divided by $271.63, the amount of monthly surplus household income, equals 37.63 months.

The preceding analysis by the Court is also supported by the following findings of the Court:

(a) the foregoing monthly household income and expense figures, based upon the trial record, should remain largely stable for as long as the Debtor continues to work;

(b) the Debtor, who is presently 55 years old, should be able to work for at least the next three years, if not into his early to mid sixties;

4

AO 72A
(Rev 8/82)

(c) the Debtor already presently contributes $197.82 per month to the 401(k) Plan (i.e., [$45.65/week x 52]/12), which monthly contribution amount, as explained above, may easily be increased by $271.63;

(d) contributions by the Debtor to the 401(k) Plan Interest are matched on a one-for-one basis by his employer, which means that the approximately 38-month period over which the Debtor could replace the $10,221.41 combined withdrawal from the 401(k) Plan Interest can actually be cut in half, or reduced to approximately 19 months (i.e., roughly just over one and one-half years); and

(e) the $60,400 balance in the 401(k) Plan Interest as of the commencement date of the instant case less such $10,221.41, when coupled with future contributions thereto by the Debtor equal to $197.82 per month, future monthly contributions thereto that could be made by the Debtor equal to $271.63, employer matching on a one-for-one basis, future earnings with respect to such balances, and the Debtor's anticipated social security payments post-retirement, is more than sufficient to cover the Debtor's household expenses post-retirement.

Because the Court finds that $7,154.99 worth of the 401(k) Plan Interest is not reasonably necessary for the support of the Debtor and his wife, the Court must sustain the Trustee's exemption objection to such limited extent, that is the Debtor may not exempt $7,154.99 worth of the 401(k) Plan Interest under § 522(d)(10)(E). Since the Court finds that the Debtor may not exempt $7,154.99 worth of the 401(k) Plan Interest under § 522(d)(10)(E), but also

5

recognizes that the Trustee only seeks to obtain such amount for the Debtor's bankruptcy estate, the Debtor is free to exempt the balance of the 401(k) Plan Interest, or $53,245.01 (i.e., $60,400 − $7,154.99), pursuant to § 522(d)(10)(E).

In light of all of the foregoing, the Court determines that it shall issue an order as set forth at the beginning of the instant Memorandum.

BY THE COURT

M. BRUCE McCULLOUGH,
U.S. Bankruptcy Judge

**DATED:**     **September 29, 2006**

AO 72A
(Rev 8/82)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | |
| KENNETH H. SEATON and : SUE SEATON, : | |
| : | Bankruptcy No. 05-39972-MBM |
| Debtors. : | |
| Natalie Lutz Cardiello, Trustee, : Movant, : | Chapter 7 |
| v.  : | Related to Doc. No. 28 |
| Kenneth H. Seaton and Sue Seaton, : Respondents. : | |

## ORDER OF COURT

**AND NOW,** this **29th day** of **September, 2006,** for the reasons set forth in the accompanying Memorandum of the same date, it is **hereby ORDERED, ADJUDGED, AND DECREED** that

(a)    **$7,154.99** worth of the interest in the Armstrong Cement Union Employees 401(k) Savings Plan (hereafter "the 401(k) Plan Interest") owned by Kenneth Seaton (hereafter "the Debtor") **is *not* reasonably necessary** for the support of the Debtor and his wife (his lone dependent), which means that the Trustee's exemption objection is **sustained to such limited extent**, that is the Debtor **may not exempt** **$7,154.99** worth of the 401(k) Plan Interest under § 522(d)(10)(E), and

(b) **$53,245.01** worth of the 401(k) Plan Interest (i.e., $60,400 – $7,154.99)

**may be exempted** by the Debtor pursuant to 11 U.S.C. § 522(d)(10)(E).

**BY THE COURT**

*[signature]*

**M. BRUCE McCULLOUGH,**
**U.S. Bankruptcy Judge**

cm:  Natalie Lutz Cardiello, Esq.
107 Huron Drive
Carnegie, PA 15106

Kenneth H. Seaton
Sue Seaton
540 Carbon Center Road
Butler, PA 16002-9376

Cynthia Sychak-Berry, Esq.
209 Diamond Street West
Butler, PA 16001



AO 72A
(Rev 8/82)

2